Homer J. HOCHSTETLER, Appellant Below, Appellant,

v.

DELAWARE HARNESS RACING COMMISSION, Appellee Below, Appellee.

No. 122,2003.

Supreme Court of Delaware.

Submitted: Dec. 16, 2003.

Decided: March 22, 2004.

19. *Cunningham v. State,* 318 Md. 182, 567 A.2d 126 (1989).

20. *Id.* at 128 (emphasis added).

21. *Id.* at 131.

Jeffrey J. Clark, Esquire, of Schmittinger and Rodriguez, P.A., Dover, for Appellant.

John A. Eberly, Esquire, of the Department of Justice, Dover, for Appellee.

1. Designated pursuant to Art. IV, § 12 of the Delaware Constitution and Supreme Court

Before VEASEY, Chief Justice, HOLLAND, BERGER, and JACOBS, Justices, and NOBLE,[1] Vice Chancellor, constituting the Court en banc.

BERGER, Justice.

This is an appeal from a Superior Court decision affirming two Delaware Harness Racing Commission (DHRC) orders sanctioning appellant for giving his horse phenylbutazone ("bute"). Appellant contends that the rule he allegedly violated is invalid because it is ambiguous and because there is no basis for a prohibition on giving bute to two-year-old horses. We agree with the Superior Court's reasoning and its conclusion that the rule is not ambiguous and that appellant waived his right to contest the DHRC's basis for adopting the rule. Accordingly, we affirm.

Factual and Procedural Background

Homer J. Hochstetler is the driver, trainer and co-owner of a two-year-old horse named Kadabra. In November 2001, he entered Kadabra in the Matron Series at Dover Downs. Kadabra won the elimination on November 4th, and the finals one week later, for a total purse of $112,000. On November 23, 2001, the State Steward contacted Hochstetler and told him that Kadabra tested positive for bute at the time of the first race. The blood test showed a concentration of 2.3 mmol/ml.

On November 26, 2001, the State Steward imposed a fine of $1,000 and loss of the elimination purse ($12,000) as Hochstetler's penalty for racing Kadabra with bute in his system. The notice of fine stated that bute is not permitted in two-year-old horses and referenced DHRC Rule 8.3.6.1.1. Hochstetler appealed to the

Rules 2 and 4.

DHRC, which upheld the Steward's decision. Because Kadabra was disqualified from the elimination race, the Judges at Dover Downs determined that Kadabra was not eligible to participate in the finals, and could not receive the finals purse. The DHRC also affirmed that ruling. After the Superior Court affirmed the DHRC's decisions, Hochstetler appealed to this Court.

### Discussion

The DHRC Rules and Regulations, promulgated pursuant to 3 *Del.C.* § 10005, govern all aspects of harness racing, including the regulation of medications and other foreign substances that may be administered to the horses. The Rules at issue in this appeal provide, in relevant part:

8.3 Medications and Foreign Substances

Foreign substances shall mean all substances, except those, which exist naturally in the untreated horse at normal physiological concentration, and shall include all narcotics, stimulants, depressants or other drugs or medications of any type. Except as specifically permitted by these rules, no foreign substance shall be carried in the body of the horse at the time of the running of the race. Upon a finding of a violation of these medication and prohibited substances rules, the State Steward ... shall consider the classification level of the violation as listed ... by the Uniform Classification Guidelines of Foreign Substances as promulgated by the Association of Racing Commissioners International and may impose penalties ... consistent with the recommendations contained in subsection 8.3.2 of this section.

\* \* \*

8.3.6  Phenylbutazone (Bute)

8.3.6.1.  General

8.3.6.1.1 Phenylbutazone ... may be administered to horses three years of age and older in such dosage amount that the official test sample contain not more than 2.0 micrograms per milliliter of blood plasma.

8.3.6.1.2 If post-race quantification indicates that a horse carried in its body ... more than 2.0 but not more than 2.6 micrograms per milliliter ... of phenylbutazone..., then warnings shall be issued to the trainer.

8.3.6.1.3 If post-race quantification indicates that a horse carried in its body ... more than 2.6 micrograms per milliliter ... of phenylbutazone ..., then a penalty shall be imposed as follows:

[fines ranging from $250 and loss of purse to $1000 and loss of purse and up to a 50 day suspension].

■ Hochstetler argues that Rule 8.3.6.1.1, prohibiting specified levels of bute in three-year-old horses, is too vague to put him on notice that bute is prohibited at any level for two-year-old horses. He points out that neither that rule nor any other specifically prohibits bute in two-year-olds. Moreover, he says that the DHRC tacitly acknowledged that the rule was ambiguous because it amended Rule 8.3.6.1.1 approximately one year after the contested races. The current version of Rule 8.3.6.1.1 provides that bute is prohibited at any level in two-year-old horses and specifies the sanctions: forfeiture, loss of purse, fines, and possible suspension.

We agree with the Superior Court's conclusion that Rule 8.3.6.1.1, read in context, is not vague or ambiguous:

Administrative regulations ... must be read as an inter-related whole. Rule 8.3 provides:

*Foreign substances shall mean all substances, except those, which exist naturally in the untreated horse at normal physiological concentration, and shall include all* narcotics, stimulants, depressants or other drugs or *medications of any type. Except as specifically permitted by these rules, no foreign substance ·shall be carried in the body of the horse at the time of the running of the race* . . . .

When the general Rule 8.3 is read in conjunction with Rule 8.3.6, an exception to the general rule, bute is prohibited for horses that have not yet attained three-year-old status. Rule 8.3 provides a general prohibition for "medications of any type" to be in the blood of any horse at the time a race is run "except as specifically permitted by these rules." Rule 8.3.6 is the only rule to provide an exception for phenylbutazone to that general rule and only applies the exception to horses three years of age and older. Therefore, these rules do prohibit the administration of bute to two-year-old horses.[2]

This is not a case, like *Crissman v. DHRC,*[3] where the DHRC sanctioned two horsemen for violating rules prohibiting "improper conduct" and conduct that may "adversely reflect on . . . horse racing." In *Crissman,* this Court noted that the horsemen were not engaged in any dishonest, threatening or otherwise offensive behavior. As a result, they had no reason to know that, by secretly tape recording a conversation with a DHRC official, they would be violating the rules. Here, by contrast, the rules specifically state that *all* medicines of any kind are prohibited unless specifically allowed. Thus, unless Hochstetler found a rule *allowing* bute in two-year-olds, he should have known that bute was prohibited.

Hochstetler also argues that the DHRC rules provide no penalty for a two-year-old horse that races with bute in its system. Rules 8.3.6.1.2—4 provide progressive sanctions for bute in a three-year-old, but say nothing about two-year-olds. Moreover, the small amount of bute in Kadabra's blood would have resulted in only a warning if Kadabra had been a three-year-old. Thus, Hochstetler appears to be arguing that the rules governing bute in two-year-olds are invalid because they provide no notice of the penalty that could be imposed.

This argument lacks merit because the Rules do provide—and, therefore, do give notice of—penalties for Hochstetler's violation. Rule 8.3.2.6·gives the State Steward the power to determine an appropriate penalty for any "medication rule" violation. The rules provide recommended penalties for Class 1—5 drugs, all of which include loss of purse and a fine. Although, according to the DHRC, bute is not a classified drug, it appears similar to Class 4 drugs, since it is an anti-inflammatory, non-steroidal drug similar to aspirin.[4] The penalty recommendation for a Class 4 violation is: "[f]ifteen to 50 days suspension and up to $1,000 fine and loss of purse."[5] Given this recommended penalty for a class of drugs similar to bute, Hochstetler should have expected what he received, which was a fine and loss of purse.

Finally, Hochstetler argues that the DHRC had no basis on which to enact a rule prohibiting bute in two-year-old

---

**2.** *Hochstetler v. Delaware Harness Racing Comm'n,* 2003 WL 549181 at *3–4 (Del.Super.)

**3.** 791 A.2d 745 (Del.2002).

**4.** Rule 8.3.1.4.6.1.

**5.** Rule 8.3.2.4.1.

horses. He relies on published comments made at the time the DHRC was considering adopting its rules to the effect that bute should not be prohibited in two-year-olds. The Superior Court rejected this argument because Hochstetler never raised it in his appeal to the DHRC. We agree that Hochstetler waived this issue and we find no reason to consider his claim under the plain error standard.

## Conclusion

Based on the foregoing, the judgment of the Superior Court is affirmed.